UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| STEVEN J. GOETZ,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,[1]<br>Commissioner of Social Security,<br><br>Defendant. | ) | Civil Action No. 1:23-cv-244 |

**OPINION AND ORDER**

This matter is before the court on the First Motion for Attorney Fees under 42 U.S.C. § [sic] 406(b) [DE 25] filed by Eric A. Farr, counsel for the plaintiff, Natasha Grant, on July 21, 2026. Defendant filed a Response [DE 35] indicating that the Agency neither agreed nor disagreed that Plaintiff's counsel should be awarded fees pursuant to Section 406(b). For the following reasons, the Motion [DE 25] is **GRANTED**.

*Background*

Plaintiff Steven J. Goetz filed an application for disability insurance benefits on September 16, 2021, alleging a disability onset date of November 28, 2020. [DE 8]. The claim was initially denied and upon reconsideration. *Id.* The Agency entered an unfavorable decision on January 10, 2023. *Id.* Plaintiff challenged the Administrative Law Judge's decision by filing a

[1] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Request for Review with the Appeals Council, which issued its decision denying Plaintiff's request for review on April 12, 2023, making the Administrative Law Judge's decision the final Agency decision. *Id.* Plaintiff initiated civil action in this court for judicial review of the denial of her application for benefits on June 13, 2023. [DE 1].

The Commissioner filed an unopposed Motion to Remand [DE 18], and the court reversed and remanded the decision of the Commissioner on November 30, 2023. [DE 20]. Following this court's remand, an Administrative Law Judge approved Plaintiff's claim for benefits. [DE 26-2]. The Social Security Administration issued a Notice of Award letter dated November 15, 2024. *Id.* Plaintiff was awarded past-due benefits in the amount of $94,944.70. [DE 26]. Plaintiff agreed to pay Attorney Farr 25% of all past-due benefits awarded to him and any beneficiaries by the Administration. [DE 26-1].

Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") in February of 2024. [DE 22]. The Commissioner filed a Response [DE 23] stating that there was no objection. On March 1, 2024 the court granted the request and awarded Plaintiff $1,371.75 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 24].

Attorney Farr asks the court to authorize an award of attorney fees in the total amount of $23,736.18 pursuant to 42 U.S.C. § 406(b). The motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 586 U.S. 53, 56 (2019) (quoting *Gisbrecht v. Barnhart*,

535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Farr requests an attorney fee in the amount of $23,736.18 and contends that the requested fee award is reasonable for the 76.2 hours of legal work he spent representing Plaintiff in federal court. [DE 26]. Attorney Farr's total requested fee amounts to an hourly rate of $3,828.42 for attorney time. This calculated rate is within the bounds of reasonableness in this district, especially considering that these cases are taken on a contingent fee basis. *See Demonja v. O'Malley*, 2:21-CV-305 (N.D. Ind. Apr. 2, 2024) (awarding a fee equating to $4,821.65 per hour); *Grant v. Bisignano*, 1:23-CV-466-APR, 2026 WL 2178657 at *2 (N.D. Ind. July 28, 2026) (awarding fee equating to $4,766.54 per hour). Furthermore, there is no indication of delay in this case, and this fee request is only twenty-one percent of past-due benefits. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee or subtract it from the total fees awarded under § 406(b).

*Gisbrecht,* 535 U.S. at 789; *Lugar v. Comm'r of Soc. Sec.*, 1:22-CV-115-JD, 2024 WL 3518612, at *1 (N.D. Ind. July 22, 2024). Attorney Farr has acknowledged that Plaintiff is entitled to a refund of the $1,371.75 EAJA award that he received. [DE 26].

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 25] and **AWARDS** fees to Attorney Eric A. Farr in the total amount of $23,736.18. The court **ORDERS** Attorney Farr to refund the plaintiff, Steven J. Goetz, the total amount of the previously awarded EAJA fees, $1,371.75, upon receipt of the§ 406(b) fees awarded by the court.

ENTERED this 24th day of September, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge